UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BEAZLEY UNDERWRITING, LTD.<br><br>      Plaintiff,<br><br>v.<br><br>ASOCIACION PUERTORRIQUENOS EN MARCHA, INC. AND PRADERA CORPORATION,<br><br>      Defendants. | Civil Action No. 2:26-cv-728 |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff Beazley Underwriting, Ltd. ("Beazley") seeks a declaratory judgment that it is not obligated under the terms of an insurance policy to provide coverage to Defendants Asociacion Puertorriquenos En Marcha, Inc. ("APM") and Pradera Corporation ("Pradera") (collectively, "Defendants") for claims asserted against Defendants in a separate action pending in the Court of Common Pleas of Philadelphia County, Pennsylvania.

**NATURE OF THE ACTION**

1. This is an action pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking a judicial declaration concerning coverage under an insurance policy issued by Beazley.

2. Beazley issued Excess Insurance Policy No. W35743230101 to APM, with a policy period from July 31, 2023 to July 31, 2024 (the "Beazley Policy"). A true and accurate copy of the Beazley Policy is attached hereto as Exhibit 1, redacted as to premium amounts only.

3. Defendants seek coverage under the Beazley Policy for a pending lawsuit captioned *I.G. et al. v. Asociacion Puertorriquenos En Marcha, Inc. and Pradera Corporation*, Case No.

240403355 (the "Underlying Action"). A true and accurate copy of the operative complaint in the Underlying Action is attached hereto as Exhibit 2.

4. The Underlying Action asserts claims for negligence and negligent infliction of emotional distress relating to Defendants' temporary foster placement of a minor child that Defendants allegedly knew or should have known had mental and behavioral health disorders.

5. Beazley denies owing any coverage to Defendants for the Underlying Action.

6. An actual and justiciable controversy exists between the parties. Defendants contend that Beazley is obligated to provide coverage to Defendants for the claims against them asserted in the Underlying Action. Beazley contends that it has no such obligations because Defendants failed to timely notify Beazley of the claim in order to trigger coverage under the Beazley Policy.

7. Beazley has commenced this declaratory judgment action against Defendants to obtain a judicial determination that it has no obligation to provide insurance coverage to Defendants in connection with the Underlying Action.

## PARTIES

8. Beazley Underwriting, Ltd. is a company incorporated in England and Wales with its principal place of business in the United Kingdom, and is the sole member of Syndicate 2623. Beazley is the lead underwriter of the Policy and a determination in this action will be binding on all Beazley Policy underwriters.

9. Defendant Asociacion Puertorriquenos En Marcha, Inc. is a corporation organized under the laws of the Commonwealth of Pennsylvania with its principal place of business located in the Commonwealth of Pennsylvania.

10. Defendant Pradera Corporation, an associated or affiliated corporation, member corporation, or subsidiary corporation of Defendant Asociacion Puertorriquenos En Marcha, Inc., is a corporation organized under the laws of the Commonwealth of Pennsylvania with its principal place of business located in the Commonwealth of Pennsylvania.

## JURISDICTION AND VENUE

11. Jurisdiction over this action exists by virtue of 28 U.S.C. § 1332(a). There is complete diversity between the parties, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

12. Venue is proper pursuant to 28 U.S.C. § 1391 because the principal places of business of APM and Pradera are within the Eastern District of Pennsylvania, and the events giving rise to this cause of action took place within this judicial district.

## FACTUAL ALLEGATIONS

**The Beazley Policy**

13. Subject to all terms, conditions, and exclusions, the Beazley Policy provides specified coverage for liability claims.

14. The Beazley Policy provides, in all capital letters and bold type as follows:

> **SUBJECT TO THE PROVISIONS OF THE UNDERLYING INSURANCE, THIS POLICY MAY ONLY APPLY TO ANY CLAIM FIRST MADE AGAINST THE INSUREDS OR LOSS DISCOVERED DURING THE POLICY PERIOD PROVIDED THAT SUCH CLAIM OR LOSS IS REPORTED IN WRITING TO THE UNDERWRITERS PURSUANT TO THE POLICY PROVISIONS.**

15. The insuring clause of the Beazley Policy provides that Beazley will "pay on behalf of the **Insured** excess of the **Underlying Policies** any claim or loss which triggers coverage under the **Underlying Policies**, and is not otherwise excluded by the terms, conditions or endorsements of this policy, and which is reported to Underwriters in accordance with Clause VI. of this Policy."

16. The Beazley Policy defines "Underlying Policies" as "all policies identified in the Schedule of Underlying Insurance."

17. The Beazley Policy's Schedule of Underlying Insurance identifies Policy No. 2023-28185 issued by the Alliance of Nonprofits for Insurance (the "ANI Primary Policy") as APM's "Professional Liability/General Liability/Employee Benefits Liability" policy.

18. The Beazley Policy's Schedule of Underlying Insurance identifies Policy No. 2023-28185-UMB issued by the Alliance of Nonprofits for Insurance (the "ANI Umbrella Policy") and Policy No. HS20232148-01 issued by Capitol Specialty Insurance Corporation (the "CSIC Policy") as APM's excess policies.

19. Pursuant to the Beazley Policy's insuring clause, the Beazley Policy provides coverage in excess of the ANI Primary Policy, ANI Umbrella Policy, and CSIC Policy for any claims or losses that trigger coverage under those policies and are not otherwise excluded by the terms, conditions, or endorsements of the Beazley Policy, and which are timely reported to Beazley in accordance with Clause VI. of the Beazley Policy.

20. The Amend Notice of Claim endorsement to the Beazley Policy deletes Clause VI. Notice of Claim, or Circumstance That Might Lead to a Claim in its entirety and replaces it with the following language:

> All claims first made during the **Policy Period** and circumstances that might lead to a claim reported under the **Primary Policy** must be reported to the Underwriters in writing via the entity named in Item 5. of the Declarations before the end of the **Policy Period** or any additional claims reporting period granted by the **Primary Policy** provided such additional claims reporting period is no greater than thirty (30) days. However, the **Insured** must provide immediate written notice to the Underwriters via the entity named in Item 5 of the Declarations of any claim made against the **Insured** where the **Insured** or the **Insured's** defense counsel evaluates the potential liability of all claims plus costs and expenses incurred in the defense or settlement of such claims at an amount equal to or greater than fifty percent (50%) of the **Underlying Policy Limits**. Notice to any underlying carrier is not notice to the Underwriters.

21. The Beazley Policy defines "Primary Policy" as "each policy identified as such in the Schedule of Underlying Insurance."

22. The Beazley Policy's Schedule of Underlying Insurance identifies the ANI Primary Policy as the Primary Policy. A true and accurate copy of the ANI Primary Policy is attached hereto as Exhibit 3, redacted as to premium amounts only.

23. The Beazley Policy defines "Policy Period" as "the period set forth in Item 2. of the Declarations."

24. Item 2 of the Declarations provides that the Policy Period is from July 31, 2023, to July 31, 2024.

25. Item 5 of the Declarations provides that claims must be reported to Beazley via Beazley USA Services, Inc. at 30 Batterson Park Road in Farmington, Connecticut 06032.

26. Pursuant to the Amend Notice of Claim endorsement to the Beazley Policy, Defendants were required to report all claims first made during the Policy Period to Beazley before the end of the Policy Period or any additional claims reporting period granted by the ANI Primary Policy.

**The ANI Primary Policy**

27. The ANI Primary Policy contains an Improper Sexual Conduct and Physical Abuse Liability Coverage Form (the "Abuse Coverage Form").

28. The Abuse Coverage Form provides, in all capital letters, as follows:

> THIS POLICY PROVIDES CLAIMS-MADE COVERAGE ON A CLAIMS-MADE BASIS. SUBJECT TO ITS TERMS, THIS POLICY APPLIES ONLY TO CLAIMS FIRST MADE AGAINST AN INSURED AND REPORTED TO US DURING THIS POLICY'S PERIOD OR WITHIN AN EXTENDED REPORTING PERIOD, IF ANY.

29. The insuring agreement of the Abuse Coverage Form provides, in relevant part, that ANI will "pay those sums that an insured becomes legally obligated to pay as 'damages' because of 'bodily injury' arising from 'improper sexual conduct' or 'physical abuse' to which this insurance applies."

30. The Abuse Coverage Form further provides that "[a]ny 'claim' or 'suit' for 'damages' because of 'bodily injury' arising from 'improper sexual conduct' or 'physical abuse' must first be made against an insured and reported to us during this policy period or any Extended Reporting Period we provide under this policy pursuant to SECTION 8 - EXTENDED REPORTING PERIODS."

31. SECTION 8 – EXTENDED REPORTING PERIODS to the Abuse Coverage Form provides, in relevant part, that:

> If we cancel or do not renew this policy for any reason other than nonpayment of premium, an Automatic Extended Reporting Period will be provided without an additional premium. The Automatic Extended Reporting Period starts with the end of this policy and will last for 60 days with respect to any "claim", "claims" or "suit" because of "bodily injury" arising out of "improper sexual conduct" or "physical abuse" that is committed on or after the Retroactive Date but prior to the end of this policy period and not previously reported to us.

32. The ANI Primary Policy has a policy period of July 31, 2023, to July 31, 2024.

33. APM renewed the ANI Primary Policy for the policy period of July 31, 2024, to July 31, 2025.

34. Pursuant to the terms of the ANI Primary Policy, the ANI Primary Policy does not provide an Automatic Extended Reporting Period because the ANI Primary Policy was not canceled or nonrenewed.

35. The ANI Primary Policy provides ANI with the discretion to provide an Optional Extended Reporting Period.

36. On information and belief, ANI did not offer an Optional Extended Reporting Period, and Defendants did not purchase an Optional Extended Reporting Period.

37. Because the ANI Primary Policy did not extend an Automatic Extended Reporting Period or an Optional Extended Reporting Period to Defendants, the ANI Primary Policy did not grant Defendants any additional claims reporting period.

38. Accordingly, Defendants were required to report any claims first made against them during the policy period of the ANI Primary Policy by July 31, 2024—the end of the ANI Primary Policy's policy period—in order to trigger coverage under the ANI Primary Policy.

39. Accordingly, Defendants were required to report any claims first made against them during the policy period of the Beazley Policy by July 31, 2024—the end of the Beazley Policy's Policy Period—in order to trigger coverage under the Beazley Policy.

**The Underlying Action**

40. On or about June 13, 2024, three minor plaintiffs, by and through their grandmother and legal guardian, Joan Griffin, and Joan Griffin, in her own right, filed the Underlying Action against Defendants in the Court of Common Pleas of Philadelphia County, Pennsylvania.

41. The Underlying Action alleges that Griffin, the three minor plaintiffs, and Wayne Porter resided as a family in Porter's home located in Philadelphia.

42. The Underlying Action alleges that an APM supervisor contacted Porter and Griffin and requested that they accept the temporary placement of a minor fifteen-year-old boy ("Y.D.T.") into their care.

43. The Underlying Action alleges that at the time APM requested that Porter and Griffin accept placement of Y.D.T., APM knew or should have known that Y.D.T. had mental

health and behavioral disorders, and that minor children were present in the Porter/Griffin household.

44. The Underlying Action alleges that at the time APM requested that Porter and Griffin accept placement of Y.D.T., APM knew or should have known that Y.D.T. presented a danger to the minor plaintiffs residing in the Porter/Griffin household.

45. The Underlying Action alleges that on or about August 3, 2022, Porter and Griffin accepted the placement of Y.D.T. on a short-term, temporary basis.

46. The Underlying Action alleges that in June and July 2023, Porter repeatedly informed APM that Y.D.T. was engaging in inappropriate behavior, including inappropriate sexual conduct.

47. The Underlying Action alleges that Porter made multiple requests to both APM and Pradera that Y.D.T. be removed from the Porter/Griffin household.

48. The Underlying Action alleges that Defendants ignored Porter's removal requests.

49. The Underlying Action alleges that on or about August 16, 2023, Y.D.T. sexually assaulted one of the minor plaintiffs in the presence of one of the other minor plaintiffs.

50. The Underlying Action alleges that Y.D.T. was arrested and charged with the sexual assault of one of the minor plaintiffs.

51. The Underlying Action alleges that Y.D.T. later admitted to sexually assaulting one of the minor plaintiffs.

52. The Underlying Action alleges that Defendants' acts and omissions caused the minor plaintiffs' and Griffin's injuries, which resulted from Y.D.T.'s inappropriate sexual conduct.

53. The Underlying Action asserts one count of negligence and three counts of negligent infliction of emotional distress against Defendants.

**Defendants' Claims for Coverage**

54. The Underlying Action was filed against APM and Pradera on or about June 13, 2024.

55. On information and belief, Defendants notified ANI of the Underlying Action prior to July 31, 2024.

56. ANI agreed to defend Defendants against the Underlying Action pursuant to a reservation of rights.

57. Defendants first notified Beazley of the Underlying Action on August 28, 2024—twenty-eight (28) days after the end of the Policy Period. A true and accurate copy of Defendants' first notification of the Underlying Action to Beazley is attached hereto as Exhibit 4.

58. Defendants also first reported the Underlying Action to CSIC on August 28, 2024.

59. Beazley reserved its right to disclaim coverage for the Underlying Action because, among other reasons, Defendants failed to report the Underlying Action to Beazley during the Policy Period.

60. ANI has taken the position that the limits of liability of the ANI Primary and Umbrella Policies have been exhausted.

61. Although CSIC has reserved its right to contest ANI's position that the limits of liability of the ANI Primary and Umbrella Policies have been exhausted, CSIC has offered to fund Defendants' defense of the Underlying Action, subject to a complete reservation of rights.

62. On October 6, 2025, CSIC filed a declaratory judgment action in the United States District Court for the Eastern District of Pennsylvania, Docket No. 2:25-cv-05766 (the "CSIC DJ"). A true and accurate copy of the CSIC DJ Complaint is attached hereto as Exhibit 5.

63. In the CSIC DJ, CSIC seeks a declaratory judgment that there is no coverage for the Underlying Action under the CSIC Policy because Defendants failed to provide notice of the Underlying Action to CSIC during the policy period – i.e., by July 31, 2024.

**Defendants Failed to Timely Report the Underlying Action to Beazley**

64. Pursuant to the Amend Notice of Claim endorsement to the Beazley Policy, Defendants were required to report all claims first made during the Policy Period to Beazley before the end of the Policy Period or any additional claims reporting period granted by the ANI Primary Policy.

65. The Policy Period of the Beazley Policy is July 31, 2023, to July 31, 2024.

66. Accordingly, unless the ANI Primary Policy granted Defendants any additional claims reporting period up to thirty (30) days, Defendants were required to report the Underlying Action to Beazley before the end of the Policy Period.

67. The ANI Primary Policy does not grant Defendants any additional claims reporting period.

68. The ANI Primary Policy does not provide Defendants with an Automatic Extended Reporting Period because the ANI Primary Policy was not canceled or nonrenewed.

69. On information and belief, the ANI Primary Policy does not provide an Optional Extended Reporting Period to Defendants because ANI did not offer, and Defendants did not purchase, an Optional Extended Reporting Period.

70. The ANI Primary Policy does not grant Defendants any other additional claims reporting period.

71. Because the ANI Primary Policy does not grant Defendants any additional claims reporting period, the Beazley Policy does not provide Defendants with any additional claims reporting period.

72. Therefore, in order to trigger coverage under the terms of the Beazley Policy, Defendants were required to provide notice of the Underlying Action to Beazley by no later than July 31, 2024—i.e., the final day of the Policy Period.

73. Defendants first provided notice of the Underlying Action to Beazley on August 28, 2024.

74. Because Defendants failed to provide notice of the Underlying Action to Beazley on or before July 31, 2024, the Underlying Action was not "reported to [Beazley] in writing via the entity named in Item 5. of the Declarations before the end of the **Policy Period** or any additional claims reporting period granted by the **Primary Policy**" as required to trigger coverage under the Beazley Policy.

75. Accordingly, there is no coverage for the Underlying Action under the Beazley Policy.

### COUNT ONE
### (Declaratory Judgment – No Coverage for the Underlying Action)

76. Beazley hereby repeats and realleges Paragraphs 1 through 75 as if set forth fully herein.

77. An actual and justiciable controversy exists between Beazley and Defendants concerning their respective rights and liabilities under the Beazley Policy.

78. Defendants contend that Beazley is obligated to provide them with coverage for the Underlying Action under the Beazley Policy.

-12-

79. Beazley contends that, because Defendants failed to report the Underlying Action to Beazley by the required claims-made-and-reported deadline, there is no coverage for the Underlying Action under the Beazley Policy.

80. Beazley is entitled to a declaration that the Beazley Policy does not provide Defendants with insurance coverage with respect to the Underlying Action.

## **PRAYER FOR RELIEF**

WHEREFORE, pursuant to 28 U.S.C. §§ 2201 and 2202, Beazley respectfully prays for the following relief:

i) As for Count One, a declaration that Beazley has no duty under the Beazley Policy to provide Defendants with coverage against the Underlying Action; and

ii) Awarding such other relief as the Court may deem just, equitable, and proper.

DATED this 4th day of February, 2026

PLAINTIFF,
BEAZLEY UNDERWRITING, LTD.

By  */s/ Elizabeth J. Sher*
Elizabeth J. Sher, Esq.
PA Attorney ID 207853
Day Pitney LLP
8 Sylvan Way
Parsippany, NJ 07054
Tel: (973) 966-6300
esher@daypitney.com